# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Robert Frost,
    Plaintiff

Case No. 1:09-cv-662

vs

H.C.A. Stalnaker, et. al.,

    Defendants

**REPORT AND RECOMMENDATION**
(Dlott, C. J.; Hogan, M.J.)

This matter is before the Court on pro se plaintiff's Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion to Waive the Required number of copies. (Doc. 8).

Plaintiff, an inmate at SOCF in Lucasville, Ohio, initiated this action with the filing of a pro se complaint pursuant to 42 U.S.C. § 1983 against defendants HCA Stalnaker, RN Treadway, RN Barr, Lieutenant. Eshum, Major Warren, Dr. Owen, and Dr. Bautista, alleging violations of plaintiff's constitutional rights under the First, Fourth, and Eighth Amendments. Plaintiff asserts that he was denied adequate medical care following shoulder surgery which resulted in an infection of the surgical site. (Doc. 3).

In the present motion, plaintiff claims that since the filing of this lawsuit he has been subjected to physical abuse and harassment by defendant Warren and various correctional officers under his command. Plaintiff seeks injunctive relief

"to ensure that [his] safety and security is not continued to be put in danger." (Doc. 8, Declaration of Plaintiff, Att. 1, ¶ 1). Plaintiff seeks an order directing defendants to transfer him to the Ohio State Penitentiary (Id., p. 2, ¶ 9).

In determining whether to issue a TRO or an emergency injunction in this matter, the Court balances the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

See *Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996), citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977)(applying preliminary injunction factors to motion for temporary restraining order). See also *U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1398 (6th Cir. 1991); *In Re King World Productions, Inc.*, 898 F.2d 56, 59 (6th Cir. 1990); *Project Vote! v. Ohio Bureau of Employment Services*, 578 F. Supp. 7, 9 (S.D. Ohio 1982) (Spiegel, J.).

The Court finds that plaintiff has not alleged facts sufficient to warrant a temporary restraining order or emergency injunction in this case. To establish a

substantial likelihood of success on his Eighth Amendment claim against defendants, plaintiff must present evidence showing that defendants are deliberately indifferent to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825 (1994). *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992); *Marsh v. Arn*, 937 F.2d 1056, 1060-61 (6th Cir. 1991); *Walker v. Norris*, 917 F.2d 1449, 1453-54 (6th Cir. 1990). The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991). Thus, plaintiff must "establish a relationship between the injury claimed in his motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (3d Cir. 1997); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985). In this case, plaintiff's motion is premised on new claims that he has been subjected to threats, harassment, and physical abuse, including the allegedly unwarranted use of pepper spray against him by a corrections officer. These claims are entirely

separate from the deliberate indifference to medical needs claims raised in his complaint.

In addition, even if plaintiff were not trying to assert completely new claims in his motion for TRO, it is apparent from the face of plaintiff's filings that the action was prematurely commenced by plaintiff prior to the exhaustion of his administrative remedies. Under 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is mandatory and unexhausted claims cannot be brought in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). In *Jones,* the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216 (overruling Sixth Circuit precedent to the contrary). While focusing on the pleading standard for 42 U.S.C. § 1997e exhaustion, the *Jones* Court also gave guidance to lower federal courts in screening prisoner complaints under 28 U.S.C. § 1915A. The Supreme Court noted that its ruling does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim *depends on whether the allegations in the complaint suffice to establish that ground*, not on the nature of the ground in the abstract. *See Leveto v. Lapina,* 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio,* 404 F.3d 548, 551 (1st Cir. 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74-75 (2nd Cir. 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Id.* at 215 (emphasis added).

Where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure *sua sponte* dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *See Vosburgh v. Utah State Prison,* No. 2:06-CV-1041 TC., 2008 WL 4755790, at *3 (D. Utah October 29, 2008) (applying *Jones* and sua sponte dismissing prisoner's § 1983 complaint based on admission in the complaint that previous lawsuit based on same facts was dismissed based on failure to complete grievance process); *Clifford v. Louisiana,* No. 07-955-C, 2008 WL 2754737, at *3 (M.D. La. July 7,

2008) (adopting magistrate judge's recommendation that prisoner's claim concerning handling of mail be sua sponte dismissed where it was apparent from the face of the complaint that the claim was not administratively exhausted); *Whitaker v. Gannon*, No. 1:07-cv-521, 2007 WL 2744329, at *2 (S.D. Ohio Sept. 19, 2007) (complaint subject to sua sponte dismissal where plaintiff admitted he failed to exhaust prison grievance procedure); *Spaulding v. Oakland County Jail Medical Staff*, No. 4:07-cv-12727, 2007 WL 2336216, at *3 (E.D. Mich. Aug. 15, 2007) (applying *Jones* and dismissing complaint on initial screening for failure to exhaust because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit); *Ghosh v. McClure*, No. H-05-4122, 2007 WL 400648, at *6 n. 3 (S.D. Tex. Jan. 31, 2007) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit."). *See also Tanner v. Fed. Bureau of Prisons*, 475 F. Supp.2d 103, 105 (D.D.C. 2007); *Leary v. A.R.U.S. Conerly*, No. 06-cv-15424-BC, 2007 WL 1218952, at *4 (E.D. Mich. April 25, 2007); *Funk v. Washburn*, No. 2:07-cv-318, 2007 WL 1747384, at *1 (M.D. Fla. June 18, 2007).

In this case, plaintiff's declaration makes it clear that he has not exhausted

his administrative remedies prior to raising additional claims of retaliation, harassment and failure to ensure his safety. (Doc. 8, Att. 1, pp 1-2, ¶ 4). The motion for TRO was filed five days after plaintiff filed his grievance. Accordingly these claims are not properly before th Court at this time.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for temporary restraining order and for preliminary injunction be **DENIED,** and plaintiff's motion to waive the required number of copies be **DENIED AS MOOT.** (Doc. 8).

Date: 10/21/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Robert Frost,
    Plaintiff

Case No. 1:09-cv-662

vs

H.C.A. Stalnaker, et. al.,

    Defendants

**REPORT AND RECOMMENDATION**
(Dlott, C.J.; Hogan, M.J.)

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 10/21/2009 Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>Robert Frost 347-011<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4582 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-1540 |

1:09cv662 (Doc. 9)